JiPLOTKIN, Judge.
Plaintiffs Aaron and Phoebe Pinkins appeal a trial court judgment dismissing their suit against Scott and Jill Cabes and their insurer, Allstate Insurance Co. We reverse the trial court judgment, and award the Pin-kinses $7,313 in damages.
I. Facts
Ms. Pinkins allegedly suffered injuries to her neck and knee in an October 21, 1995, automobile accident, in which the pick-up truck driven by her husband in which she was riding was rear-ended by the automobile owned by Mr. Cabes and driven by Ms. Cabes. The accident occurred on Navarre Street in the City of New Orleans, when Mr. Pinkins stopped to avoid hitting the car in front of him which was waiting to make a left turn. As a result of the accident, the front bumper of Ms. Cabes’s automobile went under the back bumper of Mr. Pinkins pick-up truck, causing minor damage to both bumpers.
Eleven days after the accident, on November 2, 1995, Ms. Pinkins consulted Dr. Raul Diaz, an orthopedist, complaining of neck pain. Dr. Diaz recommended physical therapy, and examined Ms. Pinkins’ cervical and thoracic area four times; she was discharged on December 18, 1995.
RAfter Ms. Pinkins had been discharged by Dr. Diaz for the neck problem, on January 26, 1996, she consulted him complaining of continuing knee pain, which both she and Dr. Diaz related to a contusion suffered in the automobile accident. She was finally discharged on March 22,1996.
Allstate Insurance Co. paid all property damage expenses. However, the Allstate claims adjuster assigned to the case, Debbie Skorlich, sent the Pinkins’ attorney a letter on January 4, 1996, more than two months *525 after the accident, in which she stated as follows:
This will confirm our discussion in your office after I took the recorded statement from Phoebe Pinkins. This was a very minor impact as the photos confirm. The estimate (property damage) totals only $264.22. Our biomechanical research indicates that it is improbable that an injury would occur from such a minor impact.
Accordingly, the Pinkinses filed suit in First City Court for the City of New Orleans, seeking personal injury damages for Ms. Pinkins, and loss of consortium damages for Mr. Pinkins. Following a two-day trial, the trial court entered judgment against the Pinkinses and in favor of the Cabes and Allstate, dismissing the suit. In written reasons for judgment, the trial judge stated as follows:
The Court was not convinced that the Plaintiff, Phoebe Pinkins, was injured in the automobile accident that forms the subject of this suit. There was Judgment rendered accordingly.
The Pinkinses nevertheless filed a motion to compel the trial judge to issue additional reasons for judgment, which was apparently ignored by the trial judge. The Pinkinses’ motion for new trial was also denied.
The Pinkinses appeal, making three primary arguments. First, they claim that the lay and medical evidence presented at trial is sufficient to prove that Ms. Pinkins suffered neck and knee injuries as a result of the rear-end accident. Second, they claim that Allstate failed to offer any alternative explanation for Ms. | aPinkins’ personal injuries. Third, they claim that the trial court improperly relied on the opinion testimony of Allstate’s biomedical expert witness, Dr. James M. Ziegler.
II. Elements of cause of action
In a suit for damages allegedly caused by the tortious conduct of the defendant, the plaintiff carries the initial burden of proof at trial. In order to prove a prima facie case, the plaintiff must prove three things: (1) fault, (2) causation, and (3) damages. Godfrey v. Boston Old Colony Insurance Co., 97-2568 (La.App. 4 Cir. 5/27/98), 718 So.2d 441, 453. Once the plaintiff has established a prima facie case, the burden shifts to the defendant to overcome that evidence.
A. Pinkinses’ prima facie case
In the instant case, none of the defendants contest Ms. Cabes’ fault in causing the accident. Thus, the only question before this court is whether the Pinkinses carried their burden of proving causation and damages. The trial court’s cursory reasons for judgment are equivocal; we are unable to determine whether his decision was based on his belief that the Pinkinses failed to prove causation, or that they failed to prove damages. Thus, we have carefully reviewed the trial court record in this case in order to determine whether the record evidence is sufficient to establish those two elements of the Pinkinses’ cause of action.
|41. Causation
As stated in our recent decision in Conedera v. Musgrove, 98-0589 (La.App. 4 Cir. 1/13/99), - So.2d -, 1999 WL 25652, a plaintiffs injury is presumed to have resulted from an accident if the following elements are proven:
(1) the plaintiff was in good health before the accident, (2) commencing with the accident, the injury and symptoms continuously manifest themselves afterwards, and (3) the medical evidence shows a reasonable convexity between the accident and the injury.
Id. at p. 2, quoting Lacy v. ABC Insurance Co., 97-1182, p. 5 (La.App. 4 Cir. 4/1/98), 712 So.2d 189, 193.
Ms. Pinkins testified at trial that she had never had neck, back, or knee problems prior to the accident in question. Moreover, she said, she first experienced problems almost immediately after the accident. She consulted Dr. Diaz 11 days later only because she was unable to get an appointment until then. Moreover, Ms. Pinkins testified that she did not tell Dr. Diaz about her knee injury during the first few months of treatment because she was more concerned about the neck problem. She stated that she did tell the physical therapist about her knee prob *526 lem, and that the therapist did some manipulation, even without a doctor’s recommendation. Moreover, Dr. Diaz, who testified by deposition related both Ms. Pinkins’ neck problems and her knees problems to the October 21, 1995 accident. The record evidence is sufficient to raise the presumption of causation.
2. Damages
Concerning damages, Ms. Pinkins testified that she began to experience soreness in her neck and back, as well as her knee, shortly after the accident. That testimony was corroborated by her husband’s testimony that she began 15complaining about her neck and knee immediately after the accident. Further Dr. Diaz testified that Ms. Pinkins apparently suffered a neck sprain in the accident, as well as a contusion on her knee. His conclusion, he admitted, was based on her recitation of the history of her injuries; however, he stated unequivocally that Ms. Pin-kins was not a malingerer, and that he believed that she had given him a truthful history, based on his experience with her. Clearly, the above-described evidence is sufficient to prove both causation and damages and to establish a prima facie case in favor of the Pinkinses. Thus, we turn to a discussion of whether the evidence presented by the defendants was sufficient to overcome the Pinkinses’ prima facie case.
B. Evidence presented by defendants
The defendants speculate that the trial court’s decision is based on a finding that the Pinkinses failed to prove causation, and that that finding is based on credibility calls. In other words, they intimate, the trial judge simply did not believe Ms. Pinkins. That finding, the defendants claim, is supported by their expert biomechanical testimony concerning the unlikelihood that the injuries claimed by Ms. Pinkins could have resulted from the accident in question, as well as the testimony of Ms. Cabes.
However, as stated above, the Pin-kinses are entitled to a presumption of causation under the record evidence in this case. In order to rebut that presumption, the defendants are required to show “that some other particular incident could have caused the injury.” Conedera, 98-0589, p. 2. As the discussion below will show, the defendants failed completely to overcome the presumption.
| (^Allstate presented the testimony of Dr. Ziegler, who expressed his opinion that the evidence in the case indicates that Ms. Cabe’s automobile was travelling no more than one to two miles per hour at the time of the accident, concluding that injuries such as those described by Ms. Pinkins were extremely unlikely to have resulted from the collision at issue in this case. The Pinkins’ attorney attempted to discredit Dr. Ziegler’s testimony on this issue with numerous questions concerning things Dr. Ziegler did not review in making his investigation, including the fact that Dr. Ziegler never inspected either vehicle, despite the fact both vehicles were available for inspection. Dr. Ziegler steadfastly maintained that he reviewed all necessary information in reaching his conclusion. The Pinkinses claim that Dr. Ziegler’s testimony is based on speculative considerations and wrong assumptions. In support of this argument, they cite a number of articles concerning low impact collisions which apparently were not presented as evidence in the trial court, and thus may not be considered in this court.
The Pinkinses also seek to discredit the conclusion of Ms. Skorlich, the Allstate claims adjuster, stated in the January 4, 1996 letter because of her reference to “biome-chanical research.” They claim that no biomechanical research had been conducted at the time Ms. Skorlich sent the letter. Ms. Skorlich does not dispute this claim, but testified that her conclusion was based on general biomechanical research, not research on the particular vehicles involved in this accident, as well as her own 26 years of experience.
In addition to Dr. Ziegler’s biomechanical expert testimony, the defendants presented the testimony of Ms. Cabes in an effort to overcome the Pinkins’ prima facie case. Ms. Cabes stated that she was four months pregnant at the time of the accident, and that her 18-month-old daughter was present in the *527 car. Nevertheless, |7the impact was so minor, she said, that she was neither concerned about her daughter or herself. In fact, she claims that her seat belt never engaged as a result of the accident.
As in the Conedera case, the defendants in the instant case attempt to overcome the presumption of causation, not with evidence of a particular incident which might have caused the injury, but by presenting biome-chanical evidence in an attempt to show that the accident could not have caused the injury. Id. at p. 7. We find that the evidence presented by the defendants is insufficient to overcome the Pinkinses’ prima facie claim Thus, the trial court judgment dismissing the Pinkinses’ suit is manifestly erroneous. It is hereby reversed.
III. Damages
The record reveals that Dr. Diaz’s medical bills for treating Ms. Pinkins’ injuries received in the accident totaled $1,215, while the bills from Orleans Physical Therapy totaled $1098. In addition to those special damages, we find that $5,000 is the lowest reasonable general damage award to compensate Ms. Pinkins for pain, suffering, and other non-pecuniary injuries she suffered during the five months of medical treatment and physical therapy she received. Because the record contains no evidence of loss of consortium, we deny any recovery to Mr. Pinkins. We render judgment in favor of the Pinkinses and against the defendants in the total amount of $7,313.
IV. Conclusion
The trial court judgment dismissing the Pinkinses’ suit is reversed, and judgment is rendered in favor of the Pinkinses and against the Cabes and Allstate |gin the amount of $7,313. The defendants are to bear all costs at the trial court level and for this appeal.
REVERSED AND RENDERED.