LTERRI F. LOVE, Judge.
This appeal arises from a property dispute. Mr. William van Howenstine (hereinafter “Mr. Howenstine”) and Mr. Michael Cotter (hereinafter “Mr. Cotter”) entered into a “Gentlemen’s Agreement” under which Mr. Cotter, in exchange for the continued usé of the property upon which he conducted his arborist business and stored other wood products, agreed to maintain and perform restoration to the property he occupied. Mr. Howenstine asserts Mr. Cotter was negligent in the fulfillment of the terms of their agreement.
FACTS AND PROCEDURAL HISTORY
Mr. Oscar Lacinak (hereinafter “Mr. La-cinak”), previous owner of the real property in question, was a party to a “Gentleman’s Agreement” with Mr. Cotter. The agreement established that in exchange for the right to occupy the rear portion of the lot in order to conduct his arborist business, which included storing firewood, tree trimming, and tree-cutting equipment, Mr. Cotter promised to keep pthe entire lot free from overgrowth. Mr. Lacinak uti *472 lized the remaining front portion of the lot to stable horses and pen hogs.
Mr. Howenstine, subsequently, purchased the property from Mr. Lacinak and came to a similar “Gentleman’s Agreement” whereby Mr. Cotter agreed to demolish the dilapidated stables and perform landscaping work on the front portion of the lot, including removing some wood debris and shrubbery. Mr. Cotter agreed to undertake the task of returning the property to its “original condition” in exchange for the right to occupy that portion of the property for a period of six months. This agreement was reduced to writing by Mr. Cotter who forwarded a proposed written agreement to Mr. Howenstine. In return, Mr. Howenstine sent a proposed written agreement to Mr. Cotter, which he did not execute. Mr. Cotter did, however, remain on the property.
Following the parties’ oral agreement, Mr. Cotter demolished the stables located on the property pursuant to the agreement. He also hired a bulldozer operator to clear the property and spread organic mulch amounting to about six inches spread throughout the grounds. Subsequent to the aforementioned work performed by Mr. Cotter, Mr. Howenstine asserts several trees on his property died. There is dispute as to whether these trees were large oak trees or “trash trees”.
In addition to the dead trees, Mr. How-enstine avers that Mr. Cotter demolished the barn, which was not apart of their agreement. Mr. Howenstine concedes that he requested Mr. Cotter to remove the stables on the property, but |3not the barn that he planned to use for storage. Although, the “barn” on the property also contained “stables” where the previous owner, Mr. Lacinak, housed horses. The lack of the use of the barn for storage forced Mr. Howenstine to seek outside storage facilities at an additional cost to himself.
At the trial, Mr. Howenstine sought relief for the cost of clean up of debris that was not cleared by Mr. Howenstine and for the destruction of the barn and the demise of the “oak trees” caused by the mulch covering the root system. The trial court ruled in favor of Mr. Cotter, first stating that the “Gentlemen’s Agreement” between the parties constituted a lease, which was acted upon by the parties. The court found that Mr. Cotter performed with due care all work required of him under the “Gentlemen’s Agreement”, by clearing away the firewood and large cut foliage, thereby leaving the property in its original condition. The court further found that this “Gentlemen’s Agreement” did not require Ms. Cotter to clean up or remove the debris from the demolished stables. The court stated in support of its findings that “Mr. Howenstine was unable to carry his burden. Without reliable independent testimony to prove his case or the amounts of his alleged damages, the plaintiff cannot prevail.”
It is from this judgment that the appellant, Mr. Howenstine, appeals.
Standard of Review
An appellate court can only reverse a fact finder’s determinations when: (1) it finds from the record that a reasonable factual basis does not exist for the findings of the trial court, and (2) it further determines that the record establishes the findings are manifestly erroneous. Stobart v. State through Department of Transportation and Development, 617 So.2d 880, 883 (La.1993). The issue to be resolved by a reviewing court is not whether the trier of fact was right or wrong, but whether the fact finder’s conclusion was a reasonable one. Cosse v. Allen-Bradley Co., 601 So.2d 1349 (La.1992).
*473 At issue before the trial court were factual determinations as to whether Mr. Cotter met the terms of his “Gentlemen’s Agreement” with Mr. Howenstine by negligently performing the duties that were designated in the agreement. In the original petition to the trial court the then plaintiff, Mr. Howenstine, asserted that he incurred costs as a result of the defendant, Mr. Cotter’s, negligence. Mr. Howestine further asserted in his Supplemental and Amending petition, “the destruction of the plaintiffs property forming the basis of the lawsuit was caused by the sole negligence of the defendant, Mr. Cotter.”
In its Reasons for Judgment, the trial court, relying on LSA-C.C art. 2315 determined that the burden of proof in alleging negligence fell upon the plaintiff. The court reasoned:
In a lawsuit seeking compensation for the alleged negligence of another, the plaintiff bears the burden of proving by a preponderance of the evidence that the defendant’s negligence caused the damage allegedly done. LSA-C.C. art 2315; Pinkins v. Cabes, App. 4 Cir.1999, 98-1803 (La.App. 4 Cir. 1/27/99), 728 So.2d 523, rehearing denied, writ denied 99-1242 (La.7/18/99), 745 So.2d 32. It is also the plaintiffs burden to prove to the Court, by the same standard of proof, the amount of any damages alleged by him to have been suffered at the hands of the alleged tortfeasor defendant. Id.; Fox v. Argonaut Southwest Ins. Co., 288 So.2d 102 (La.App. 4 Cir.1974).
| fiThe court further asserted that Mr. Howenstine did not carry his burden and “without reliable independent testimony to prove his case or the amounts of his alleged damages, the plaintiff cannot prevail.” Based upon the facts presented to this Court, we conclude the trial court’s reasoning was not manifestly erroneous and its conclusion a reasonable one in light of the gravity of the evidence.
In his assignment of error the appellant, Mr. Howenstine, asserts the trial court erred in applying the law of negligence to the facts at bar instead of the law pertaining to contracts for lease. In the case sub judice, we find the applicable law is negligence law based upon the appellant’s own assertion in the original petition and further in the amended and supplemental petition as stated above. In his original petition and in the amended and supplemental petition the appellant does not assert a breach of lease claim. In fact that appellant asserted in his supplemental petition that as a result of the negligence of the defendant he sustained damages. The appellant further averred in his supplemental and amended petition that a breach of contract occurred as a result of the negligence of the defendant, which supports the trial court’s application of negligence law to the case.
We do not find this reasoning manifestly erroneous. Great deference is allotted to the trier of fact by this Court upon review of factual determinations. Here, we conclude, that the trial court’s evaluation was reasonable and therefore are not inclined to disturb its findings. In finding that the correct law was applied the issues of the court’s determination of damages is pre-termitted by the above [ ficonclusion. This court finds the application of negligence law appropriate; and therefore the conclusion of the trial court proper. The trial court did not abuse its discretion and had a reasonable factual basis for its conclusion.
CONCLUSION
For the forgoing reasons, we affirm the holding of the trial court.
AFFIRMED.